**STATE of Minnesota, Respondent,**

v.

**Robert Keith JOHNSON, Appellant.**

**No. 51040.**

Supreme Court of Minnesota.

Sept. 18, 1981.

C. Paul Jones, Public Defender and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Barbara D. Gill, Sp. Asst. Atty. Gen., St. Paul, D. Scott Ballou, County Atty., Chaska, for respondent.

PETERSON, Justice.

Defendant was charged in Carver County District Court with second-degree murder and, after a change of venue, was found guilty of the charge by a Scott County District Court jury. The trial court sentenced defendant to a maximum prison term of 40 years. In his appeal from judgment of conviction, defendant claims that the evidence of his guilt was legally insufficient and that the trial court prejudicially erred (a) in allowing a juror to remain on the jury after she stated that she had seen a truck similar to defendant's truck in her driveway after the trial started and (b) in refusing to give a requested instruction as part of its instructions on self-defense. We affirm.

The evidence at trial established that defendant started a fist fight with the victim in New Germany outside a bar, that the victim won the fight, and that after the fight was apparently over and the victim had turned his back, defendant pulled out his .38-caliber revolver and, from a distance of 10 to 12 feet, pointed his gun at the victim and fired as the victim turned and faced him. The victim, hit in the lower abdomen, died a short time later from massive blood loss. Meanwhile defendant was fleeing in his truck, heading for the Twin Cities area, where he resided.

■ We are satisfied that the evidence was sufficient to prove that defendant was not acting in self-defense when he fired the shot and that the trial court's instructions, which were modeled on those in 10 Minn. Dist. Judges Ass'n, Minnesota Practice, CRIMJIG 7.05–7.08 (1977), were adequate. The requested instruction would have informed the jury that even if defendant started the fight, his right to self-defense was revived if the victim was committing an independent act of assault on him at the time defendant fired the gun. We need not decide whether the requested instruction accurately reflects the law because it is clear that defendant could not have been prejudiced by the lack of such an instruction, there being no reasonable evidence that the victim was committing an indepen-

dent assault on defendant at the time defendant fired the gun. *State v. Columbus,* 258 N.W.2d 122 (Minn.1977).

■ The claim that the trial court prejudicially erred in allowing one of the jurors to remain on the jury relates to the report by a juror, early in the trial, that when she heard the description of defendant's truck she realized that the day before she had seen a similar truck in her driveway. The trial court, without objection and indeed with the agreement of counsel, informed the juror that he had investigated the matter and it was all a coincidence and he asked her if she felt she could be fair. Informed by her that she felt she could, the court asked the juror to tell any juror who questioned her about the incident that it was all a coincidence. Since defense counsel did not object, since the claim of prejudice is so speculative, and since the evidence that defendant did not act in self-defense was so strong, we see no basis for granting defendant a new trial on this ground. *See United States v. Phillips,* 609 F.2d 1271 (8th Cir. 1979).

Affirmed.