**STATE of Minnesota, Respondent,**

v.

**Aeropajito Castro VAZQUEZ, Appellant.**

**No. C5–01–1028.**

Court of Appeals of Minnesota.

April 16, 2002.

Brian McNee Marsden, St. Paul, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and PORITSKY, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

Appellant Aeropajito Vazquez appeals from the judgment of conviction, arguing the trial court erred in denying his request for a self-defense jury instruction. Because the record supports the court's determination that Vazquez did not have an actual and honest belief that he was in imminent danger once he gained control over the gun involved in the struggle, we affirm.

## FACTS

After a ten-year marriage, appellant Aeropajito Castro Vazquez and Yolanda Pagan separated in May 2000. On the evening of July 20, 2000, Vazquez arrived at Pagan's home and the two argued. At some point during the argument, one of the parties pulled out a gun. During the course of the altercation, Pagan sustained one fatal gunshot wound to the chest and Vazquez sustained two gunshot wounds to the stomach.

Vazquez testified that Pagan produced the gun and shot him once in the stomach. He admitted shooting Pagan after a scuffle over the gun. Vazquez testified that he wrestled the gun away from Pagan by tackling and straddling her. He then held the gun above her head and while on top of Pagan, he aimed the gun at Pagan and shot her in the chest.

Pagan called 911 and told dispatch that her husband had shot her and that he

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, for respondent.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

remained armed in the home. Police responded within 45 seconds of Pagan's call. The police witnessed Vazquez run outside the home armed with a gun. He was ordered to drop the weapon, but instead Vazquez ran back into the home. The police then heard a gunshot, after which Vazquez exited the home and was arrested. Bullets were recovered from the first floor door, from Vazquez and from Pagan.

Pagan died from a single gunshot wound to the chest. Vazquez was charged and found guilty of second-degree murder in violation of Minn.Stat. § 609.19, subd. 1(1) (2000).

At trial, Vazquez requested a self-defense jury instruction. The trial court concluded that the evidence was inconsistent with Vazquez having an actual and honest belief that he was in imminent danger once he gained control of the gun. Vazquez appeals from the trial court's denial of his motion for a self-defense jury instruction.

### ISSUE

Did the district abuse its discretion in denying appellant's request for a self-defense jury instruction?

### ANALYSIS

■ District courts are allowed considerable latitude in selecting the language in jury instructions. *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986). We will not reverse a district court's decision unless the instruction constituted an abuse of discretion. *See id.* (concluding appellant failed to demonstrate district court's instructions constituted an abuse of discretion). A defendant is entitled to an instruction on his or her theory of the case if there is evidence to support it, but if the court determines that the substance of the defendant's request is contained in the court's charge, it need not give the requested instruction. *State v. Persitz*, 518 N.W.2d 843, 848 (Minn.1994).

■ Although a defendant may assert a theory at trial, the trial court has discretion not to instruct the jury on the theory. *See Alholm*, 394 N.W.2d at 490. A defendant bears the burden of going forward with evidence to support a claim of self-defense. *State v. Columbus*, 258 N.W.2d 122, 123 (Minn.1977). Self-defense requires a showing of

1) the absence of aggression or provocation on the part of the defendant; 2) the defendant's actual and honest belief that he or she was in imminent danger of death or great bodily harm; 3) the existence of reasonable grounds for that belief; and 4) the absence of a reasonable possibility of retreat to avoid the danger.

*State v. Nystrom*, 596 N.W.2d 256, 260 (Minn.1999) (quoting *State v. Basting*, 572 N.W.2d 281, 285–86 (Minn.1997)); *see also* Minn.Stat. § 609.065 (2000) (defining when use of force is authorized to protect one's self).

■ Vazquez argues that the trial court erred in denying his request for a self-defense jury instruction because he presented evidence he shot Pagan to protect himself.

To support his self-defense claim, he testified that on the day of the altercation, Pagan had (1) called him at work and asked him to come over and bring money; (2) assaulted Vazquez and others in the past; (3) shot Vazquez in the stomach before he shot her.

The trial court determined that a self-defense instruction was not available because Vazquez (1) might have been the aggressor; (2) could not have had an honest or reasonable belief that his life was in danger when he was holding the gun over Pagan; (3) did not retreat when he had

control of the gun; and (4) used an unreasonable amount of force by shooting Pagan in the chest at close range.

Vazquez argues that he shot Pagan during a struggle after she shot him in the stomach and then he shot himself in the stomach when he ran back into the home. The evidence Vazquez relies upon for a self-defense theory is contradicted by the record including (1) Pagan's 911 call telling the dispatcher her husband had shot her and that he was still in the home with the gun; (2) by his own admissions to police officers that he shot himself in the stomach twice; (3) officers observation of Vazquez armed with a gun from an upstairs window and outside the apartment building; (4) his ignoring police commands; (5) his admission that he had control of the gun when he shot Pagan; (6) forensic experts testimony that Pagan had no gunpowder residue on her hands; and (7) Pagan's wounds indicated that the gun was fired at a range of two feet or closer.

## DECISION

The record supports the trial court's determination that Vazquez did not have an actual and honest belief that he was in imminent danger once he gained control over the gun. In light of the evidence, the trial court did not abuse its discretion in refusing Vazquez's request for a self-defense jury instruction.

**Affirmed.**

LANSING, Judge (concurring).

I agree that the district court properly denied the request for a self-defense instruction, but I base my analysis on narrower grounds.

Aeropajito Vazquez testified that Yolanda Pagan shot him first. He then testified that he rushed her, tackled her, took the gun away from her, and, while on top of Pagan, in a position where she was unable to reach the gun, he pointed the gun at her and fired.

Vazquez's testimony fails to establish the elements of self defense in a criminal case: absence of aggression, actual and honest belief that the defendant was in imminent danger of death or great bodily harm and that the action was necessary to avert that danger, the existence of reasonable grounds for the belief of imminent danger, the absence of reasonable possibility of retreat, and the use of only that amount of force necessary. *State v. Bland*, 337 N.W.2d 378, 381 (Minn.1983); *State v. Johnson*, 277 Minn. 368, 373, 152 N.W.2d 529, 532 (1967). Thus, taking Vazquez's testimony as true, without considering the contrary evidence, Vazquez failed to establish the elements necessary to justify a self-defense instruction. *State v. Johnson*, 310 N.W.2d 96, 97 (Minn.1981) (defendant has burden of presenting evidence to support a claim of self defense).