**Aeropajito Castro VAZQUEZ,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A12–0204.**

Court of Appeals of Minnesota.

Oct. 29, 2012.

Aeropajito Castro Vazquez, Bayport, MN, pro se appellant.

Lori Swanson, Attorney General and John J. Choi, Ramsey County Attorney,

Peter R. Marker, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; KALITOWSKI, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

On appeal from the postconviction court's denial of appellant's motion for correction or reduction of sentence, appellant argues that the postconviction court erred by treating his motion, brought under Minn. R. Crim. P. 27.03, subd. 9, as a postconviction petition and dismissing it for lack of jurisdiction. We reverse and remand.

## FACTS

Pro se appellant Aeropajito Castro Vazquez was convicted of second-degree murder in January 2001.[1] At sentencing, appellant's criminal-history score was determined to be five, and appellant was sentenced to 406 months pursuant to the sentencing guidelines.

Vazquez filed petitions for postconviction relief in 2003 and 2007, and both were denied by the district court. Vazquez appealed the denial of his second petition, and this court affirmed. *Vazquez v. State*, No. A07–1994, 2008 WL 4471521 (Minn. App. Oct. 7, 2008), *review denied* (Minn. Dec. 16, 2008) (*Vazquez I* ).

In 2010, appellant filed a motion for correction or reduction of sentence under Minn. R. Crim. P. 27.03, subd. 9. Appellant claimed that his criminal-history score had been incorrectly calculated and that he was entitled to a lesser sentence. The

---

1. Vazquez appealed his conviction, which this court affirmed. *State v. Vazquez*, 644 N.W.2d 97 (Minn.App.2002).

district court treated appellant's motion as a petition for postconviction relief and ruled that it was barred by *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

This court reversed the postconviction court's ruling and concluded that *Knaffla* did not bar review of Vazquez's motion because a sentence based on an incorrect criminal-history score is illegal, and therefore, a defendant cannot waive review of his criminal-history-score calculation. *Vazquez v. State*, No. A10–865, 2011 WL 134966, at *2 (Minn.App. Jan. 18, 2011) (*Vazquez II* ). This court further concluded that, because the record did not conclusively show that appellant was not entitled to a correction of his criminal-history score, "we reverse and remand for consideration of Vazquez's motion for correction or reduction of sentence on the merits." *Id.* at *4. The state had additionally argued that Vazquez's motion was untimely under Minn. Stat. § 590.01, subd. 4 (2008). *Id.* This court declined to consider the timeliness argument because the postconviction court denied Vazquez's motion for correction or reduction of sentence without addressing the application of Minn. Stat. § 590.01. *Id.*

On remand, the postconviction court held an evidentiary hearing and denied appellant's motion. The court determined that Vazquez's motion, although brought under Minn. R. Crim. P. 27.03, subd. 9, was instead a postconviction petition pursuant to Minn. Stat. § 590.01, subd. 2. The postconviction court determined that the state's challenge to the timeliness of appellant's motion was properly before it and addressed that challenge as a jurisdictional issue. The postconviction court concluded that, because Vazquez did not bring his petition for postconviction relief within the two-year statutory time frame set out in Minn. Stat. § 590.01, subd. 4, the court lacked jurisdiction to consider the petition.

The postconviction court noted in its order that the court of appeals "instructed this Court to consider Mr. Vazquez's motion for correction or reduction of sentence on the merits." But, the postconviction court stated that

> [t]he record upon which Mr. Vazquez seeks to have his score recalculated is complete, as the parties' evidence and arguments have been fully submitted after a hearing. Therefore if the Court has erred in its jurisdictional analysis, it will dutifully address the merits of Mr. Vazquez's challenge to his criminal history score upon another remand. Until then, the Court must refrain from exercising jurisdiction it has found not to exist.

This appeal follows.

## ISSUE

Did the district court err in determining that Vazquez's motion for correction or reduction of sentence brought under Minn. R. Crim. P. 27.03, subd. 9, was an untimely postconviction petition?

## ANALYSIS

■ Vazquez argues that the postconviction court erred in treating his motion for correction or reduction of sentence brought under Minn. R. Crim. P. 27.03, subd. 9, as a postconviction petition subject to the two-year statute of limitations in Minn. Stat. § 590.01, subd. 4, and concluding that, because the petition was filed outside the two-year time period, the court did not have jurisdiction to consider it.

■ We review de novo the interpretation of a procedural rule. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn.2011). In reviewing the district court's denial of postconviction relief, including a denial based on the two-year statutory limit, we review issues of law de novo but will not

reverse factual findings unless clearly erroneous. *See Riley v. State*, 819 N.W.2d 162, 167 (Minn.2012).

The Minnesota Supreme Court has recently held that the time limit in Minn. Stat. § 590.01, subd. 4(c), "does not operate as a jurisdictional bar." *Carlton v. State*, 816 N.W.2d 590, 606 (Minn.2012). Here, the district court relied on language in *Stewart v. State*, 764 N.W.2d 32, 34 (Minn.2009), suggesting that the postconviction time limit was jurisdictional. But *Carlton* noted that, although *Stewart* could be read to "suggest that the time limitations in the postconviction statute may be jurisdictional requirements," the court had not "expressly address[ed] and analyz[ed]" the limitations provision in *Stewart* as it has now done in *Carlton*. *Carlton*, 816 N.W.2d at 606 n. 6. The *Carlton* court concluded "that the time limitation in subdivision 4(c) does not operate as a jurisdictional bar, and that it therefore is subject to waiver." *Id.* at 606.

The district court's order was prior to the supreme court's holding in *Carlton* that the two-year time limit in the postconviction statute is not jurisdictional. But the two-year limit, considered as a statute of limitations under *Carlton*, could still bar Vazquez's claim, allowing this court to affirm on other grounds. Thus, we must address the broader issue of whether the two-year limitations provision applies to Vazquez's challenge to his criminal-history score. That challenge was brought in a motion for correction or reduction of sentence under Minn. R. Crim. P. 27.03, subd. 9, not in a postconviction petition presented as such.

Rule 27.03, subdivision 9, states that a "court may at any time correct a sentence not authorized by law." [2] The supreme court has permitted motions made under rule 27.03, subdivision 9, to be treated as postconviction petitions. *See Bonga v. State*, 765 N.W.2d 639, 642–43 (Minn.2009); *Powers v. State*, 731 N.W.2d 499, 501 n. 2 (Minn.2007). But neither *Powers* nor *Bonga* holds that a rule 27.03, subdivision 9, motion must be treated as a postconviction petition. And we have not found any case squarely holding that such motions are governed by the postconviction statute, including its two-year limitations provisions.

We note that the supreme court has held that, when a defendant seeks to withdraw his guilty plea after sentencing, "the motion to withdraw the plea must be raised in a petition for postconviction relief." *James v. State*, 699 N.W.2d 723, 727 (Minn.2005). No such rule, however, has been established for sentence-modification motions. The supreme court in *James* found "no reason to treat timeliness under [Minn. R. Crim. P. 15.05, governing plea-withdrawal motions,] differently from the manner in which delays in filing petitions for postconviction relief are treated." *Id.* at 728. The *James* opinion was released before the effective date of the 2005 amendment adding the two-year statute of limitations. The supreme court recently reaffirmed the *James* rule that a "motion

**2.** To the extent that this language is inconsistent with the 2005 amendment establishing a two-year limitations period, it could be argued that the rule and the statute are inconsistent. In that case, in a matter of procedure such as this, the rule would *arguably* take precedence over the statute. *See generally State v. Keith*, 325 N.W.2d 641, 642 (Minn. 1982) (noting that "in matters of procedure rather than of substance" the rules take precedence over statutes). But the supreme court in *Carlton* recognized the legislature's authority to enact statutes of limitations. *Carlton*, 816 N.W.2d at 614–15; *cf. State v. Johnson*, 514 N.W.2d 551, 555 (Minn.1994) (noting that statutes of limitations have procedural as well as substantive aspects). Our analysis does not rely on a resolution of any conflict between rule 27.03, subdivision 9, and the postconviction statute.

to withdraw a guilty plea made after sentencing must be raised in a petition for postconviction relief" and is governed by the new timeliness requirements of the postconviction statute. *Lussier v. State,* 821 N.W.2d 581, 586 n. 2 (Minn.2012). But *Lussier,* like *James,* involves a motion to withdraw a guilty plea rather than a sentence-modification motion.

The supreme court discussed this issue in the context of sentence-modification motions in *Johnson v. State,* 801 N.W.2d 173 (Minn.2011). In *Johnson,* the defendant filed a motion under rule 27.03, subdivision 9, but one in which he challenged the validity of his conviction as well as the terms of his sentence. *Id.* at 175. The district court corrected the sentence but denied Johnson's challenge to his guilty plea and conviction. *Id.* The supreme court noted: "Because he obtained relief on the sentencing issue, Johnson does not continue to claim that the court imposed an illegal sentence. The only remaining issues in the case concern the validity of his guilty plea." *Id.*

The *Johnson* court went on to address the interplay between rule 27.03, subdivision 9, and the postconviction statute. But it did so after noting that "the plain language of [rule 27.03, subdivision 9] does not allow a defendant to challenge his conviction." *Id.* at 176. The court discussed the "exclusive remedy" provision of the postconviction statute, Minn. Stat. § 590.01, subd. 2, and concluded that Johnson's "exclusive remedy for review of his claims is in a proceeding for postconviction relief, not in a proceeding to correct a sentence under Rule 27.03, subd. 9." *Id.*

Despite this language directed at the appellant in the case before it, the *Johnson* court did not squarely hold that the postconviction statute is the exclusive remedy for seeking sentence modification. As the *Johnson* court itself framed the issue,

Johnson was no longer seeking sentencing relief and rule 27.03, subdivision 9, "does not allow a defendant to challenge his conviction." *Id.* And it held that, instead of challenging his conviction under that rule, Johnson had to do so in a postconviction petition. *Id.* Although the court went on to decide Johnson's challenge to his conviction, construed as a postconviction petition subject to the two-year statute of limitations, it did not address any sentencing claim, stating instead that it was affirming the "denial of Johnson's motion challenging the validity of his guilty plea." *Id.* at 177.

Thus, the law to date has allowed the sentence-modification remedy in rule 27.03, subdivision 9, to coexist with the postconviction remedy. The supreme court in *Bonga* and *Powers* has permitted district courts to treat sentence-modification motions as postconviction petitions, but it has not required them to do so, even in *Johnson,* in which such a motion was used to challenge a conviction. Accordingly, we must address whether rule 27.03, subdivision 9, motions retain an independent existence that shields them from the statute of limitations provisions in the postconviction statute.

Rule 27.03, subdivision 9, was included in the rules of criminal procedure as initially promulgated in 1975. The comment to the rule noted that it was adopted from Fed.R. Crim.P. 35, and noted: "Other remedies available in connection with the sentence are provided for [in] the postconviction remedy (Minn. Stat. Ch. 590 (1971))." Minn. R. Crim. P. 27 cmt. (1975). Thus, the comment to the rule seemed to suggest that the remedy for sentence correction under rule 27.03, subdivision 9, was in addition to the remedy provided by the postconviction statute. This comment was deleted beginning with the 2011 rules, but it was deleted along with other portions of

the comment to rule 27 that provided historical background for various provisions. *Compare* Minn. R. Crim. P. 27 cmt. (2011) *with* Minn. R. Crim. P. 27 cmt. (2010). The deletion of the reference to Fed. R. Crim. P. 35 and to the postconviction statute from the comment does not appear to have been intended to alter the remedial function of rule 27.03, subdivision 9, or to merge it with the postconviction statute. *See generally State v. Johnson,* 514 N.W.2d 551, 555 n. 8 (Minn.1994).

In the federal courts, the rule 35 remedy for correction of a sentence "unauthorized by law" was deleted in 1987 when the federal sentencing guidelines were authorized. *See* 3 Charles Alan Wright & Sarah N. Welling, *Federal Practice and Procedure: Criminal* § 617, at 611, 615 (4th ed. 2011). Challenges formerly raised under the broad language of rule 35 have been relegated to direct appeal or to a motion under 28 U.S.C. § 2255 (2006), the federal habeas statute applicable to sentencing challenges. *See Sun Bear v. United States,* 644 F.3d 700, 705 n. 9 (8th Cir. 2011).

No similar restructuring of sentencing relief has occurred in Minnesota. Although the reference to Fed. R. Crim. P. 35 in the comments to the rules of criminal procedure has been deleted, rule 27.03, subdivision 9, still allows for correction of "a sentence not authorized by law." The rule was not altered or deleted after the 1980 adoption of the sentencing guidelines. Nor, in the years since the postconviction two-year limitations period was enacted in 2005, has the supreme court indicated that a time limit now applies to relief under

rule 27.03, subdivision 9. For several reasons, we conclude that the two-year time limit does not apply to motions properly filed under that rule.[3]

First, the supreme court has held that a criminal defendant cannot waive or forfeit the right to challenge his sentence and, in particular, the calculation of his criminal-history score. *See State v. Maurstad,* 733 N.W.2d 141, 147–48 (Minn.2007). The *Maurstad* opinion was released after the 2005 legislature added the two-year limitations provision to the postconviction statute. And it is well-established that postconviction petitions may be brought to challenge a sentence. Minn. Stat. § 590.01, subd. 1(1). In fact, sentencing challenges were included in the postconviction remedy from its inception in 1967, even though appellate review of sentences at the time, and until 1980, was very limited. *See* 1967 Minn. Laws ch. 336, § 1, at 517; *State v. Shattuck,* 704 N.W.2d 131, 138–39 (Minn.2005) (noting that, in enacting the Minnesota Sentencing Guidelines, which became effective in 1980, the legislature provided for "broad appellate review" of sentences); *State v. Gamelgard,* 287 Minn. 74, 78, 177 N.W.2d 404, 407 (1970) ("If the sentence is authorized by law, we cannot limit or amend it.").[4]

Historically, Minnesota courts have not applied a strict waiver analysis when offenders have filed postconviction petitions long after their convictions. Instead, the length of the delay has been considered as a factor in determining whether relief should be granted. *See Rairdon v. State,* 557 N.W.2d 318, 322 (Minn.1996) (holding that delay in filing a postconviction petition

---

**3.** We express no opinion regarding an offender's transparent attempt to use rule 27.03, subdivision 9, in order to circumvent the two-year postconviction limitations provision or caselaw applying the *Knaffla* rule to limit the availability of postconviction relief.

**4.** The language of rule 27.03, subdivision 9, allowing the court at any time to correct a sentence "not authorized by law" may have been intended to provide district courts with the same sentence-modification authority claimed by the supreme court.

is "one relevant factor against granting relief"); *Fox v. State,* 474 N.W.2d 821, 826 (Minn.1991); *Wieland v. State,* 457 N.W.2d 712, 715 (Minn.1990). The legislature itself "did not place time limits on postconviction relief until over 30 years after the original statute was passed." *Carlton,* 816 N.W.2d at 604.

The 2005 statutory amendment imposing a two-year limitations period plainly departed from the line of caselaw interpreting the statute. Nevertheless, even after that amendment was enacted, the supreme court stated that "[o]ur longstanding jurisprudence suggests that equity is an important component of postconviction relief." *Carlton v. State,* 816 N.W.2d at 606.

Although the postconviction two-year limitations provision serves the public interest in finality, that interest is not as strong when it is the finality of the sentence that is at issue rather than the finality of the conviction. As the supreme court has stated in identifying the factors to be used in applying the "interests of justice" exception, "the *reversal* of a conviction may seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Gassler v. State,* 787 N.W.2d 575, 587 (Minn.2010). There is less public interest in the finality of a sentence, as the United States Supreme Court noted in 1980, stating that "history demonstrates that the common law never ascribed such finality to a sentence as would prevent a legislative body from authorizing its appeal by the prosecution." *United States v. DiFrancesco,* 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328 (1980). The Court added that "a sentence does not have the qualities of constitutional finality that attend an acquittal." *Id.* Our supreme court has allowed a defendant to challenge a sentencing departure at a probation revocation. *State v. Fields,* 416 N.W.2d 734, 736 (Minn.1987). It is only

when the defendant himself develops a "crystallized expectation of finality" in the sentence that due process prevents a modification. *State v. Calmes,* 632 N.W.2d 641, 644–45 (Minn.2001).

Second, "[o]ur longstanding jurisprudence suggests that equity is an important component of postconviction relief." *Carlton v. State,* 816 N.W.2d at 606. There is no public interest in finality of a sentence that would counterbalance the public policy recognized in *Maurstad* requiring an accurate determination of the criminal-history score. *See Maurstad,* 733 N.W.2d at 146 (relying on "the legislature's stated policy of achieving uniformity in sentencing" to hold that a criminal-history challenge cannot be waived). Public policy, therefore, weighs against applying the two-year postconviction statute of limitations, and in favor of considering a criminal-history-score challenge, whenever it is presented.

Finally, this court in its earlier opinion already addressed most of the factors governing the "interests of justice" exception. *See Gassler,* 787 N.W.2d at 586–87 (holding that courts should consider the substantive merits of the claim and whether the defendant "deliberately and inexcusably failed to raise" it earlier, as well as "the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed"). This court in *Vazquez II* noted that Vazquez's challenge to his criminal-history score has some merit, that *Maurstad* barred a finding of waiver or forfeiture, that the sentencing court adopted the criminal-history score stated in the PSI, and that *Maurstad* supported addressing the issue in postconviction. 2011 WL 134966, at *2–3.

This court's prior opinion did not address the two-year limitations period, or the "interests of justice" exception to it. But, given the policy interests at stake in vindicating Vazquez's *Maurstad* right to challenge his criminal-history score, the lack of a countervailing interest in the finality of his sentence, and the indications that the interests of justice favor addressing the challenge on its merits, we remand for consideration of the merits of the criminal-history-score issue.

Vazquez also argues that the postconviction court abused its discretion when it dismissed his claim for lack of jurisdiction rather than address it on the merits of his motion, as directed to by this court on remand. Because we reverse on other grounds, we do not reach this additional argument.

### DECISION

Because Minn. R. Crim. P. 27.03, subd. 9, governs challenges to a sentence based solely on an incorrect criminal-history score, the postconviction court erred by treating appellant's motion as a postconviction petition subject to a two-year statute of limitations. We reverse and remand for proceedings consistent with this opinion.

**Reversed and remanded.**