*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1938**

Morris Gaye Kayee, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Randall, Judge**[*]

Hennepin County District Court
File No. 27CR09194

Morris Gaye Kayee, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Randall, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**RANDALL**, Judge

Appellant argues that the district court erred by concluding that his Minn. R. Crim. P., Subd. 9 motion to correct his sentence, based on an inaccurate criminal history score, is time-barred, and *Knaffla*-barred. Although the district court improperly concluded that the motion was time-barred, we nonetheless affirm on the merits.

## FACTS

In June 2009, appellant Morris Gaye Kayee pleaded guilty to attempted first-degree murder and was sentenced to 180 months in prison, the presumptive sentence for an offender with no criminal history. Kayee directly appealed his conviction, and this court affirmed. *State v. Kayee*, No. A09-1816 (Minn. App. Aug. 24, 2010), *review denied* (Minn. Nov. 16, 2010). In August 2015, Kayee moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. The district court characterized the motion as a petition for postconviction relief and concluded that Kayee's claims are time-barred under Minn. Stat. § 590.01, subd. 4 (2014), and *Knaffla*-barred.[1] Thus, the district court denied Kayee's motion. This appeal followed.

## D E C I S I O N

A defendant may challenge his sentence in a motion made under rule 27.03, subdivision 9, or in a petition for postconviction relief. *Vazquez v. State*, 822 N.W.2d 313, 317 (Minn. App 2012). A petition for postconviction relief must generally be filed within

---

[1] *See State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

two years of the date of an appellate court's disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2). But "a sentence based on an incorrect criminal history score is an illegal sentence" that is correctable at *any time* under rule 27.03, subd. 9. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (stating that "a defendant may not waive review of his criminal history score calculation"). A motion brought under rule 27.03, subd. 9, challenging the accuracy of a criminal history score is not subject to the postconviction time or procedural bars. *See Vazquez*, 822 N.W.2d at 314-15.

Kayee filed his motion under rule 27.03, subd. 9, arguing that the district court miscalculated his criminal history score by (1) characterizing a conviction that was sentenced as a gross misdemeanor as a felony and (2) assigning him a criminal history point for being on probation, when his probation was actually previously revoked. The district court characterized Kayee's motion as a petition for postconviction relief. Kayee's motion challenges the calculation of his criminal history score. The district court improperly concluded that Kayee's motion was time barred, so we will address his argument on the merits. *See Vazquez*, 822 N.W.2d at 320 (stating that Minn. R. Crim. P. 27.03, subd. 9 "governs challenges to a sentence based solely on an incorrect criminal history score").

Kayee argues that his prior conviction of terroristic threats should not have added a point to his criminal history score because it was sentenced as a gross misdemeanor under a plea agreement, even though it was a felony offense. But the Minnesota Sentencing Guidelines provide that the classification of a prior offense is "determined on the basis of current Minnesota offense definitions and sentencing policies." Minn. Sent. Guidelines

3

II.B. (2008). The comment to this section notes that the classification of an offense is "determined, legally, by the sentence given rather than the conviction offense." Minn. Sent. Guidelines cmt. II.B.109 (2008). The comment further notes that "[w]hen an offender was convicted of a felony but was given a misdemeanor or gross misdemeanor sentence, the offense will be counted as a misdemeanor or gross misdemeanor for purposes of computing the criminal history score." *Id.*; *see also* Minn. Stat. § 609.13 (2014).

Here, although Kayee is correct about the classification of his prior offense, there is no indication that the district court considered the prior offense at sentencing. Kayee was given a 180-month sentence, the presumptive sentence for attempted first-degree murder *with a criminal history score of zero*. *See* Minn. Sent. Guidelines II.G (2008). There is no indication that Kayee was given a criminal history point for his custody status. Because the district court record does not show that the district court assigned Kayee any criminal history points, his argument that he received an unauthorized sentence based on an enhanced criminal history score is without merit.

Kayee also argues that that his sentence should be reduced to 153 months, a bottom-of-the-box sentence for the offense of attempted first-degree murder when the offender has no criminal history points. But "[a]ll three numbers in any given cell [on the sentencing guidelines grid] constitute an acceptable sentence." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008); *see also State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010) ("[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence."). A sentence within the range provided in the appropriate box on the sentencing guidelines grid is not a departure from

4

the presumptive sentence, and is not an abuse of discretion.  *State v. Delk*, 781 N.W.2d 426, 428-29 (Minn. App. 2010) (stating that an appellate court "will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range"), *review denied* (Minn. July 20, 2010). Kayee is not entitled to a reduction in his sentence.

**Affirmed.**