*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0534**

Marcus Allen Brown, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 5, 2016
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-05-009930

Marcus Allen Brown, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Marcus Brown killed one man and wounded another in a shooting outside his home in 2004. In his fourth postconviction petition, Brown challenges his sentence for second-

degree murder, arguing that the postconviction court erred by summarily denying his purported motion to correct his sentence and that the district court relied on improper factors to depart upwardly from his presumptive sentence. Because Brown's petition is barred as untimely and repetitive under Minnesota Statutes section 590.01, subdivision 4 (2014), and *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), we affirm.

**FACTS**

A grand jury indicted Marcus Brown for first-degree murder and two counts of attempted first-degree murder after Brown shot two men in August 2004. Brown pleaded guilty to an amended charge of second-degree intentional murder in September 2005. He waived his *Blakely* right to a jury trial on aggravating sentencing factors and stipulated that three aggravating factors justified an upward departure to 432 months in prison from the presumptive sentence of 306 months: that the offense involved multiple victims, that the offense posed greater-than-normal danger because many people were in the area, and that he committed the crime with particular cruelty by shooting the victim multiple times while he was incapacitated in the presence of his father and by then failing to seek medical treatment for him. The state agreed not to charge Brown with an entirely different murder from 2000. The district court imposed a 432-month sentence.

Brown has already unsuccessfully challenged his conviction and sentence. He filed a direct appeal from his judgment of conviction, then he voluntarily dismissed the appeal in June 2006. He filed a purported motion to correct his sentence in October 2007, alleging *Blakely* violations and challenging the upward sentencing departure. The postconviction court concluded that Brown had waived his right to a *Blakely* hearing, we affirmed, and

2

the supreme court denied review. *Brown v. State*, No. A08–0709 (Minn. App. Mar. 31, 2009), *review denied* (Minn. June 16, 2009) (*Brown I*). Brown next filed a postconviction petition in 2010 seeking to withdraw his plea and asserting *Brady* violations. He also challenged his identification procedures and argued that the state failed to disclose a witness's inability to identify him as the shooter. The postconviction court held an evidentiary hearing and denied Brown's petition, we again affirmed, and the supreme court denied review. *Brown v. State*, No. A11–1503 (Minn. App. Apr. 16, 2012), *review denied* (Minn. June 27, 2012) (*Brown II*). Brown filed another purported motion to correct his sentence in September 2014, again alleging *Blakely* violations and contesting the upward sentencing departure. The postconviction court denied Brown's motion and we affirmed. *Brown v. State*, No. A15–0349 (Minn. App. Jan. 4, 2016) (*Brown III*).

Even before we affirmed the district court in *Brown III*, Brown had filed what he characterized as a motion to correct his sentence. He asked the district court to reduce his sentence to 306 months, arguing that the district court failed to provide a copy of his sentencing departure report to the Minnesota Sentencing Guidelines Commission and that it had improperly relied on his failure to obtain medical assistance as an aggravating factor. The district court construed Brown's motion as a postconviction petition and summarily denied it, concluding that it was both time-barred and *Knaffla*-barred. The court also concluded that Brown's petition was without merit. This appeal follows.

## DECISION

Brown appeals from the district court's denial of his petition for postconviction relief. We generally review a district court's decision denying a postconviction petition for an abuse

3

of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). But Brown's appeal challenges the district court's characterization of his rule 27 motion as a petition for postconviction relief under Minnesota Statutes section 590.01. Whether Brown's motion was a petition for postconviction relief under section 590.01 is a threshold issue that requires us to interpret the rule and statute. We interpret statutes and procedural rules de novo. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015).

A person convicted of a crime may challenge his sentence in two ways: by filing a petition for postconviction relief under Minnesota Statutes section 590.01, subdivision 1, or by filing a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). The two remedies face different conditions. *Vazquez v. State*, 822 N.W.2d 313, 317–18 (Minn. App. 2012). A petition for postconviction relief has a temporal condition: it must generally be filed within two years after an appellate court's disposition of a direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2). It also has a substantive condition in that, after a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *see also Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003) (extending the *Knaffla* rule to claims that were known or raised in a previous postconviction petition). A motion to correct an unauthorized sentence under rule 27.03, subdivision 9, is not subject to the same temporal and substantive conditions. *Washington*, 845 N.W.2d at 211.

Recent caselaw instructs us how to characterize Brown's motion. When a convicted defendant challenges a sentence that was imposed as part of a bargained plea agreement,

4

his motion for relief brought under rule 27.03, subdivision 9, is properly treated as a petition for postconviction relief rather than a rule 27.03 sentence-correction motion. *Coles*, 862 N.W.2d at 481–82. Brown's sentence followed a negotiated plea agreement. He pleaded guilty to second-degree intentional murder to avoid the first-degree murder charge for which he was indicted and to avoid an unrelated potential murder charge. Brown also waived his right to a *Blakely* hearing and stipulated that three aggravating factors justified an upward sentencing departure. This is the type of bargaining and agreement the *Coles* court addressed and led to treatment as a postconviction petition.

Brown's ultimate argument that the facts and aggravating factors were insufficient to support an upward durational departure is, in essence, a challenge to the terms of the negotiated plea agreement. A sentence reduction following the plea agreement would deprive the state of the benefits it bargained for in the agreement and undermine the effect of Brown's acknowledging the aggravating factors. Because Brown's challenge implicates the factual basis for his guilty plea, his motion is a postconviction petition under *Coles*.

Brown argues that the district court's reliance on *Coles* violates the constitutional prohibition on ex post facto laws. But the Ex Post Facto Clauses in the United States and Minnesota Constitutions limit legislative powers so that substantive laws (or the new interpretation of substantive laws) that render conduct punishable in a way it was not previously punishable are unconstitutional. *See Rew v. Bergstrom*, 845 N.W.2d 764, 790 (Minn. 2014); *see also Marks v. U.S.*, 430 U.S. 188, 191–92, 97 S. Ct. 990, 992–93 (1977) (clarifying that the rights protected by these clauses are protected against *judicial* action by the Due Process Clause of the Fifth Amendment). The Ex Post Facto Clauses do not

5

prevent merely procedural changes in the law. *See Rew*, 845 N.W.2d at 790. The *Coles* court did not establish a new substantive criminal law or develop a new interpretation of a substantive criminal law. Its holding instead clarified how preexisting law applied, and the point Brown contests now is entirely procedural. The Ex Post Facto Clauses do not protect him.

Having determined that the district court's characterization of Brown's motion was correct, we have no difficulty deciding whether the court abused its discretion by determining that Brown's petition was time-barred and *Knaffla*-barred. The time bar is clear. Brown's sentence became final in 2006 when he dismissed his direct appeal, and he filed his fourth postconviction petition almost a decade later in October 2015. No exception to the two-year limitation of Minnesota Statutes section 590.01, subdivision 4(a) applies. The *Knaffla* bar is also clear. Issues arising from the departure report and the sufficiency of the aggravating factors were known or raised, or could have been raised, in Brown's previous postconviction proceedings. The district court did not abuse its discretion by concluding that Brown's petition was both time-barred and *Knaffla*-barred.

We cannot address the merits of the numerous issues Brown raises on appeal. But we observe that the reasons for the upward departure were reflected in the stipulation, the sentencing worksheet, and on-the-record statements. And as we have noted before, the facts establish that at least one aggravating factor permitted the district court to depart upward in sentencing. So in addition to its procedural infirmities, Brown's challenge to his sentence is substantively unpersuasive.

**Affirmed.**

6