Toby Earl **JOHNSON**, petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A10–1540.

Supreme Court of Minnesota.

Aug. 10, 2011.

John L. Lucas, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, Minnesota; and Michael K. Junge, McLeod County Attorney, Glencoe, MN, for respondent.

# OPINION

MEYER, Justice.

Appellant Toby Earl Johnson was indicted September 22, 1999, on three felony counts for the murder of R.P.: murder in the first degree—intentional murder while committing a kidnapping (Minn.Stat. § 609.185(a)(3) (2010)); murder in the second degree—intentional murder (Minn. Stat. § 609.19, subd. 1(1) (2010)); and kidnapping (Minn.Stat. § 609.25, subd. 1(3) (2010)).

On April 10, 2000, Johnson and the State presented a plea agreement to the district court. Pursuant to the agreement, the State amended count one from first-degree murder to aiding and abetting first-degree murder (in violation of Minn.Stat. §§ 609.05, .185(1) (2010)) on the belief that Johnson would plead guilty to the amended count one as well as count two.[1] Johnson then pleaded guilty to both amended count one and count two. The plea agreement stated that Johnson would be sentenced on count two and receive a 30– to 36–year sentence if, in the "sole discretion" of the State, Johnson provided "useful" information about R.P.'s murder, specifically that two people in prison had ordered the killing. If Johnson did not provide adequate information, then the State would recommend the court sentence Johnson on the amended count one charge, resulting in a sentence of life in prison with the possibility of parole after 30 years. The court accepted the guilty

---

1. The record also suggests that count two was amended to aiding and abetting second-degree murder. As this issue is not critical to our decision, we need not address this factual discrepancy here but rather leave it open for the district court to clarify if necessary.

pleas. On May 26, 2000, the court, pursuant to the State's recommendation that Johnson had not provided "useful information," sentenced Johnson on amended count one, resulting in a sentence of life in prison with the possibility of parole after 30 years.

On May 2, 2001, Johnson filed a petition for postconviction relief. Johnson contended, in relevant part, that the plea agreement was invalid because, "for a number of reasons" that were not stated, the agreement violated the separation of powers doctrine. Johnson argued that the agreement improperly vested the right to determine the proper sentence with the prosecutor, usurping the court of its constitutional powers. The postconviction court denied the petition, concluding that the sentencing court still retained its constitutionally endowed authority to accept Johnson's guilty plea and imposed the statutorily mandated prison sentence. On appeal, we affirmed the postconviction court's denial of the petition, agreeing with the court's assessment that the terms of the plea agreement did not violate the separation of power doctrine. *Johnson v. State,* 641 N.W.2d 912, 918 (Minn.2002).

In April 2010, Johnson filed a motion to correct or reduce his sentence pursuant to Minn. R.Crim. P. 27.03, subd. 9. Under Rule 27.03, subd. 9, a "court may at any time correct a sentence not authorized by law" so long as "the court does not increase the period of confinement." In the motion, Johnson alleged that the guilty plea was invalid for three reasons: (1) Johnson's plea agreement lacked a sufficient factual basis for the crime on which he was sentenced; (2) Johnson did not know the terms of the plea agreement prior to the guilty plea hearing; and (3) the court sentenced Johnson for first-degree murder but cited to the second-degree murder statute. Johnson also con-

tended that his sentence should be reduced because it is "disproportionate not only to the factual basis at the plea hearing but to the punishments received by other members of the group [that killed the victim]."

The district court concluded that the sentencing court had erred during the sentencing hearing by citing to the second-degree murder statute when imposing a sentence for first-degree murder. Accordingly, the postconviction court corrected the sentence pursuant to Minn. R.Crim. P. 27.03, subd. 10, to reflect the appropriate first-degree murder statute. The court also found that Johnson's plea was knowing, intelligent, and voluntary because, "[a]t the plea hearing, [Johnson] was aware of the information the State sought that could reduce the sentenced charge." As to the other two reasons for Johnson's requested relief, the district court concluded that the motion was properly treated as a postconviction proceeding. As such, the court concluded that our rule from *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), barred Johnson from raising claims that were not raised in, but "that should have been known" at the time of, his first petition for postconviction relief. *Reed v. State,* 793 N.W.2d 725, 729–30 (Minn.2010) (citing *King v. State,* 649 N.W.2d 149, 156 (Minn.2002)).

On appeal, Johnson contends that the district court erred in concluding his claims challenging the validity of his conviction were *Knaffla*-barred and, alternatively, seeks to have his sentence reduced in the interests of justice. Because he obtained relief on the sentencing issue, Johnson does not continue to claim that the court imposed an illegal sentence. The only remaining issues in the case concern the validity of his guilty plea. On appeal, Johnson challenges the validity of his conviction in a proceeding captioned as a Rule 27.03 motion to correct a sentence not

authorized by law. Thus, we must first determine if his motion is a proper vehicle by which to challenge his conviction.

■ The interpretation of a procedural rule is subject to de novo review. *State v. Rourke*, 773 N.W.2d 913, 923 (Minn.2009) (citing *State v. Barrett*, 694 N.W.2d 783, 785 (Minn.2005)). Minnesota Rule of Criminal Procedure 27.03, subd. 9, provides that a "court may at any time correct a sentence not authorized by law" so long as "the court does not increase the period of confinement." However, the plain language of the rule does not allow a defendant to challenge his conviction. In contrast, Minn.Stat. § 590.01 (2010), provides that a petition for postconviction relief under Minn.Stat. § 590.01, subd. 1, "must be used exclusively ... unless it is inadequate or ineffective to test the legality of the conviction, sentence or other disposition." Minn.Stat. § 590.01, subd. 2. As Johnson has not argued a petition for postconviction relief would be "inadequate or ineffective," Johnson's exclusive remedy for review of his claims is in a proceeding for postconviction relief, not in a proceeding to correct a sentence under Rule 27.03, subd. 9.

■ Rather than requiring Johnson to restate his claim in another proceeding, we may still "consider the substance of the parties' arguments" and review Johnson's claim as a petition for postconviction relief. *See Mendota Golf, LLP v. City of Mendota Heights*, 708 N.W.2d 162, 179 (Minn.2006) ("[R]ather than requiring [the party] to restate its claims in a declaratory judgment action, we will consider the substance of the parties' arguments...."). Accordingly, we apply the provisions governing petitions for postconviction relief, namely, Minn.Stat. § 590.01. Section 590.01, subdivision 1, states, in relevant part:

Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that:

(1) the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state....

may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate. A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.

Minnesota Statutes § 590.01, subd. 4(a), however, prohibits the filing of a petition "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." The subdivision contains several exceptions to the statutory time limitation, such as for newly discovered evidence, a change in the law, or the filing was precluded by a mental disease. *Id.*, subd. 4(b). When originally enacted in 2005, subdivision 4 contained a provision that required a person convicted of a crime prior to the statute's effective date of August 1, 2005, to file a petition for postconviction relief before July 31, 2007. Act of June 2, 2005, ch. 136, § 13, 2005 Minn. Laws. 901, 1097–98. Any petition filed after that date is time-barred according to subdivision 4 unless one of the exceptions applies. *Id.*

Here, Johnson was convicted and had his petition for postconviction relief denied prior to the enactment of the statutory

time bar of section 590.01, subdivision 4. Accordingly, Johnson had until July 31, 2007, to file his petition to challenge the validity of his conviction. Instead, Johnson filed his motion challenging the validity of his conviction on April 28, 2010, a date well outside the statutory timeframe. A review of his petition demonstrates that his claims do not satisfy any of the statutory exceptions to the time bar provided in Minn.Stat. § 590.01, subd. 4(b); thus, we conclude that his petition is untimely and should not be considered on the merits. *See Stewart v. State,* 764 N.W.2d 32, 34 (Minn.2009) (citing *Ortiz v. Gavenda,* 590 N.W.2d 119, 122 (Minn.1999)). Consequently, we affirm the postconviction court's denial of Johnson's motion challenging the validity of his guilty plea.

Affirmed.