*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0953**

Larry Roosevelt Noble, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 1, 2014
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-02-024799

Larry Roosevelt Noble, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Johnson, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**HOOTEN**, Judge

Ten years after appellant's conviction became final, he moved to have his sentence set aside as illegally imposed under rule 27.03, subdivision 9. Because appellant does not actually challenge the legality of his sentence, but instead challenges the substance of his conviction, we conclude that his motion was improperly brought under rule 27.03, subdivision 9, and affirm the district court's denial of his petition as time barred under Minn. Stat. § 590.01, subd. 4 (2012), and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

## FACTS

In 2002, a jury found appellant Larry Roosevelt Noble guilty of attempted second-degree murder in violation of Minn. Stat. §§ 609.17, subd. 1, .19, subd. 1(1) (2000); attempted second-degree murder of an unborn child in violation of Minn. Stat. §§ 609.17, subd. 1, .2662(1) (2000); and being a felon in possession of a firearm in violation of Minn. Stat. § 624.713, subd. 1(b) (2000). The district court sentenced Noble to 60 months for the firearm offense and imposed consecutive sentences of 183 and 153 months for the attempted-murder offenses, to run concurrently with the firearm sentence. Noble directly appealed his conviction and sentence to this court, which we affirmed. *State v. Noble*, 669 N.W.2d 915, 921 (Minn. App. 2003), *review denied* (Minn. Dec. 23, 2003). Noble did not file a writ of certiorari with the United States Supreme Court.

Between 2004 and 2011, Noble filed four postconviction petitions under chapter 590, each of which was denied. In 2012, Noble filed paperwork with the district court

2

entitled "motion for correction of sentence under Minn. R. Crim. P. 27.03, subd. 9." The district court summarily denied Noble's motion without first determining whether Noble's motion was proper under rule 27.03, subdivision 9, and this court affirmed the summary denial of Noble's motion in an order opinion. Noble again sought relief in December 2013, arguing that his sentence was illegal and therefore his motion challenging his sentence was properly filed under rule 27.03, subdivision 9. The district court treated Noble's motion as a petition for postconviction relief under chapter 590 and denied his motion without a hearing in April 2014, concluding that his claims were both time barred under chapter 590 and procedurally barred under *Knaffla*, 309 Minn. at 253, 243 N.W.2d at 741. This appeal follows.

## D E C I S I O N

### I.

Noble argues that he is not time barred from challenging his sentence because the first sentence of rule 27.03, subdivision 9, states that "[t]he court may at any time correct a sentence not authorized by law." Noble contends the plain language of this rule means the district court has discretion to correct an illegal sentence even after the time bar in chapter 590 would otherwise preclude postconviction relief. While the text of rule 27.03, subdivision 9, empowers the district court to correct a sentence on its own, the rule does not "expressly authorize a party to file a motion to correct a sentence." *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). The supreme court has not prevented these motions, *id.*, nor has the supreme court yet considered "whether the statutory time bar under section 590.01, subdivision 4(a)(2) or the procedural bar under *Knaffla* apply to

3

a motion to correct a sentence under rule 27.03, subdivision 9." *Townsend v. State*, 834 N.W.2d 736, 739 (Minn. 2013).

This court has addressed the issue, and concluded the time limits found in chapter 590 do not apply to motions "properly filed" under rule 27.03, subdivision 9. *Vazquez v. State*, 822 N.W.2d 313, 318 (Minn. App. 2012). In *Vazquez*, this court held that a motion to correct a sentence brought under rule 27.03, subdivision 9, based solely on the district court's incorrect calculation of the offender's criminal-history score, was not subject to the two-year statute of limitations for postconviction relief under chapter 590. *Id.*; s*ee also State v. Amundson*, 828 N.W.2d 747, 752–53 (Minn. App. 2013) (holding the same for a claim based solely on district court's unauthorized upward departure at sentencing).

Yet the mere labeling of a motion under rule 27.03, subdivision 9, does not relieve petitioners from the timeliness requirements under chapter 590. As the court in *Washington* observed, the distinguishing factor between challenges properly analyzed under rule 27.03, subdivision 9, and those appropriately examined under the chapter 590 requirements is whether the petitioner attacks the legality of the sentence, rather than the conviction itself. 845 N.W.2d at 213. If the petitioner challenges the sentence as not authorized by law "in the sense that the sentence is contrary to an applicable statute or other applicable law," then it is properly analyzed under rule 27.03, subdivision 9. *Id.* A petitioner challenging his sentence for any other reason must bring his claim under chapter 590 and is subject to those timeliness requirements. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011). To determine whether it was proper for the district court to analyze Noble's motion under the chapter 590 timeliness requirements, we must first

determine whether Noble's motion should have been analyzed under rule 27.03, subdivision 9.

**II.**

Noble argues that his sentence is illegal because the attempted murder of an unborn child is not a crime against a person. He believes this makes his sentence illegal because (1) he committed a nonexistent crime and (2) the district court was not permitted to impose consecutive sentences.

Noble's first argument is plainly a challenge to his underlying conviction. Claims which are labeled as rule 27.03, subdivision 9, motions, but which in fact attack a petitioner's conviction, are properly analyzed under chapter 590. *Id.* at 216. Because Noble does not argue that his sentence is "contrary to an applicable statute or other applicable law," but instead claims his conviction should be reversed because his conduct was not illegal, his first claim should not be analyzed under rule 27.03, subdivision 9. *See Johnson*, 801 N.W.2d at 176 (holding that plain language of the rule does not allow a defendant to challenge his conviction).

Noble's second argument, that the district court imposed an illegal sentence when it exercised its discretion to sentence him consecutively rather than concurrently, is also improper under rule 27.03, subdivision 9. This court has consistently held that a challenge to the district court's discretion to choose among permissible sentences is not the kind of claim that rule 27.03, subdivision 9, was designed to address. *Washington*, 845 N.W.2d at 214–15; *State v. Borrego*, 661 N.W.2d 663, 666–67 (Minn. App. 2003). Further, Noble does not contend that consecutive sentencing for the crimes of which he

was convicted is contrary to a particular law. Instead, he attacks the district court's discretion "to evaluate the offender's conduct and weigh sentencing options," *State v. Hough*, 585 N.W.2d 393, 397 (Minn. 1998), because his argument is based on what he believes to be his less-egregious behavior than that of other offenders sentenced consecutively for crimes involving unborn children. Therefore, Noble's petition is not proper under rule 27.03, subdivision 9.

**III.**

When a claim is filed under rule 27.03, subdivision 9, but should have instead been brought under the postconviction statute, the appellate court must analyze the claim as though it were brought under chapter 590. *Johnson*, 801 N.W.2d at 176. A claim is proper under that chapter if (1) direct appellate relief is no longer available, (2) the petitioner argues his conviction violated his rights, and (3) the claim is timely. Minn. Stat. § 590.01, subds. 1(1), 4. In addition to these three requirements, a petitioner's postconviction claim must not be based on any matter previously raised, or known but not raised. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. The petitioner bears the burden of establishing, by a preponderance of the evidence, facts warranting the reopening of the case. *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). The district court may deny a petition for postconviction relief without a hearing if the petition and records of the proceedings conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1(1) (2012).

Minnesota law provides that, absent listed exceptions, postconviction claims must be filed no more than two years after an appellate court's disposition of the petitioner's

6

direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2). In addition, a safe-harbor provision provides that any person whose conviction was final prior to August 1, 2005, has two years from that date to file a petition for postconviction relief. *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010). Noble directly appealed his 2002 conviction to this court, which we affirmed. *Noble*, 669 N.W.2d at 921. Noble's deadline for petitioning the United States Supreme Court for a writ of certiorari expired prior to the safe-harbor date, so Noble was required to file any postconviction petition by August 1, 2007. Noble's latest petition was filed on December 19, 2013, well beyond the safe-harbor date, and is therefore untimely.

Untimely petitions may still be accepted by the district court if the petitioner establishes that he meets one of five listed statutory exceptions. Minn. Stat. § 590.01, subd. 4(b). Noble bears the burden to demonstrate he meets one of those exceptions. *Rainer*, 502 N.W.2d at 787. Because Noble did not make any argument that he qualifies for one of the exceptions, the district court properly concluded that Noble's petition was time-barred, and he was not entitled to a hearing on his motion.

In addition to being untimely, Noble's claims are also barred by the rule established in *Knaffla*, as his current petition repeats his earlier arguments. 309 Minn. at 252, 243 N.W.2d at 741. Noble previously challenged the district court's decision to sentence him consecutively in his direct appeal. Noble also claimed in his earlier postconviction appeals that, under the facts in his case, the attempted murder of an unborn child is not a crime. Noble is barred from re-litigating these issues. *Id.*

Petitions otherwise barred by *Knaffla* may still be heard if they meet either of the exceptions explained in *Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012) (holding exceptions to *Knaffla* exist for novel legal arguments or when fairness or justice require consideration of a claim). Noble's claims are not novel because he has raised them before, and Noble cannot show that addressing his claim would promote fairness or justice because establishing that point requires the claim to have "substantive merit." *Deegan v. State*, 711 N.W.2d 89, 94 (Minn. 2006) (quotation omitted). This court has repeatedly determined that Noble's previous arguments for relief, which he repeats in this case, are simply unpersuasive and not grounded in case law. He does not meet either exception. The district court properly concluded that Noble's petition was procedurally barred by the *Knaffla* rule, and he was not entitled to a hearing to re-litigate his previously rejected arguments.

**Affirmed.**