*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0762**

Terence Jerome Wilson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 22, 2014
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-99-005185

Terence Jerome Wilson, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant argues that the district court erred when it (1) characterized his motion for correction of sentence as a postconviction appeal, (2) misinterpreted and misapplied the sentencing guidelines, and (3) abused its discretion by giving appellant an upward-durational departure. We affirm.

## FACTS

Appellant shot and killed his pregnant girlfriend on the evening of December 25, 1998 in front of his then three-year-old daughter. Appellant pleaded guilty to amended charges of second-degree unintentional murder and second-degree murder of an unborn child. In November 1999, the district court sentenced appellant to a total of 402 months in prison, which included an upward-durational departure of 102 months due to the presence of aggravating factors. Under the Minnesota Sentencing Guidelines, the murder counts had a severity level of nine and called for a sentence of 150 months on each count if served consecutively. The aggravating factors taken into account by the court in determining the upward departure of 102 months were: (1) the presence of a child; (2) the appellant fled the scene and failed to provide medical aid; and (3) the appellant invaded the victim's zone of privacy.

Appellant never filed a direct appeal from his convictions but has filed seven petitions for postconviction relief. The district court has summarily denied each petition

and the appellant has filed appeals with this court from six of the decisions. This court has affirmed the district court every time.[1]

On December 19, 2013, appellant filed this eighth petition in Hennepin County District Court. On March 26, 2014, the district court issued an order denying appellant's petition in its entirety, holding that the issues raised in appellant's petition were subject to a two-year statute of limitations and had been previously decided by the court of appeals.

## D E C I S I O N

### I.    The District Court Did Not Err in Characterizing Appellant's Petition Under Minn. Stat. § 590.01.

Appellant contends that the district court mischaracterized his Minn. R. Crim. P. 27.03, subd. 9 motion as a petition for postconviction relief under Minn. Stat. § 590.01 (2012). We disagree. A postconviction petition brought under Minn. Stat. § 590.01 may not be filed more than two years after the later of: (1) "the entry of judgment of conviction or sentence if no direct appeal is filed" or (2) "an appellate court's disposition of a petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(1), (2). Under Minn. R. Crim. P. 27.03, subd. 9, "[t]he court may at any time correct a sentence not authorized by law." This court has held that a motion to correct a sentence under Minn. R. Crim. P. 27.03 is not subject to a two-year time bar. *See Vazquez v. State*, 822 N.W.2d 313, 318 (Minn. App. 2012).

---

[1] *Wilson v. State*, No. A22-2269 (Minn. App. June 17, 2013) (order op.); *Wilson v. State*, No. A11-0193 (Minn. App. Sept. 7, 2011) (order op.); *Wilson v. State*, No. A09-1422, (Minn. App. Feb. 17, 2010) (order op.); *Wilson v. State*, No. A06-1675 (Minn. App. Aug. 22, 2007) (order op.), *review denied* (Minn. Nov. 13, 2007); *Wilson v. State*, No. A04-0575 (Minn. App. Nov. 9, 2004), *review denied* (Minn. Jan. 20, 2005); *Wilson v. State*, No. C4-02-1029 (Minn. App. Jan. 28, 2003), *review denied* (Minn. Apr. 15, 2003).

"When reviewing a postconviction court's decision, we examine only whether the postconviction court's findings are supported by sufficient evidence. We will reverse a decision of the postconviction court only if that court abused its discretion." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotation omitted). On appeal from the district court's denial of a motion to correct a sentence brought under Minn. R. Crim. P. 27.03, subd. 9, this court will not reevaluate a sentence unless the district court abused its discretion or the original sentence was unauthorized by law. *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011). Therefore, regardless of whether this court is reviewing a district court's denial of a Minn. Stat. § 590.01 postconviction petition or a Minn. R. Crim. P. 27.03, subd. 9 denial of a motion to correct a sentence, our standard of review is the same.

Appellant "may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct [his] sentence under rule 27.03, subdivision 9." *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014); *see also Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011) (holding that where a petitioner has not argued that a petition for postconviction relief would be inadequate or ineffective, the exclusive remedy for a review of the claims is a proceeding for postconviction relief and not in a proceeding to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9). In order to make a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, appellant must assert that his sentence is "unauthorized by law in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington*, 845 N.W.2d at

213 (quotation omitted).[2] If appellant wishes to challenge his sentence for any other reason, he must do so under the postconviction relief statute. *Id.* at 214; Minn. Stat. § 590.01, subd. 2 ("This remedy takes the place of any other common law, statutory or other remedies which may have been available for challenging the validity of a conviction, sentence, or other disposition and must be used exclusively in place of them unless it is inadequate or ineffective to test the legality of the conviction, sentence or other disposition.").

Minn. R. Crim. P. 27.03, subd. 9, does not apply when a party is challenging a sentence on the ground that the facts were inaccurate or the court "erred by selecting one among two or more sentences that are authorized by law." *Washington,* 845 N.W.2d at 213. This court has consistently held that a challenge to the district court's discretion to choose among permissible sentences is not the kind of claim Minn. R. Crim. P. 27.03, subd. 9, was designed to address. *Id.* at 214-15; *State v. Borrego*, 661 N.W.2d 663, 666-67 (Minn. App. 2003). In appellant's case, imposing both consecutive sentences and the 102-month upward departure for aggravating factors were authorized by the sentencing guidelines as *permissive*, therefore, by definition, giving the district court discretion in choosing between two or more sentences authorized by law. Minn. Sent. Guidelines II.D, II.F (1998). Moreover, in 2007, this court explicitly found that the sentence imposed was

---

[2] Appellant correctly notes that *Johnson v. State*, 801 N.W.2d 173 is not dispositive because the appellant in *Johnson* had already received sentencing relief. *Washington* is more analogous to this case because, in *Washington*, the appellant was seeking sentence relief under Minn. R. Crim. P. 27.09, subd. 9, and yet the court held that the motion was time barred under Minn. Stat. § 590.01. *See Washington*, 845 N.W.2d at 215.

legal, or, in other words, not an abuse of discretion or "unauthorized by law." *Wilson v. State*, No. A06-1675 (Minn. App. Aug. 22, 2007) (order op.), *review denied* (Minn. Nov. 13, 2007).

Because the issues raised by appellant before this court challenge the use of the district court's discretion to choose between two or more authorized sentences under the sentencing guidelines, and further because this court determined the sentences to be legal, it is clear that the sentences imposed by the sentencing court were not "unauthorized by law." As a result appellant improperly challenged his sentence under Minn. R. Crim. P. 27.03, subd. 9. We conclude that the district court did not err in characterizing appellant's petition as a postconviction petition under Minn. Stat. § 590.01.

## II.    Appellant's Claims Are Barred by the Two-Year Statute of Limitations.

Because the correct vehicle for the postconviction relief appellant seeks is Minn. Stat. § 590.01, the two-year statute of limitations is applicable. The two-year time bar was enacted on August 1, 2005, and allowed a two-year grace period for those petitioners whose convictions became final before that date to seek postconviction relief. 2005 Minn. Laws, ch. 136, art. 14, § 13, at 1097-98 (effective Aug. 1, 2005). Appellant was convicted in 1999 and did not file a direct appeal. Appellant's conviction became final prior to 2005 and thus he was given the two-year grace period—until July 31, 2007—to file his postconviction petition. *Id.* Appellant filed this eighth petition for postconviction relief on December 19, 2013, over six years after the two-year grace period ended. Therefore, appellant's claims are untimely under Minn. Stat. § 590.01.

## III. Appellant's Claims Are Precluded by the *Knaffla* Rule.

Appellant's claims are also precluded by the *Knaffla* rule. *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). Review of a denial of postconviction relief based on the *Knaffla* procedural bar is for an abuse of discretion. *Quick v. State*, 692 N.W.2d 438, 439 (Minn. 2005). The *Knaffla* rule states: "where direct appeal has once been taken, all matters raised therein, or all claims known but not raised will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 738. Even when an appellant has not taken a direct appeal, claims "which appellant raised or knew of and could have raised in earlier review" will not be considered. *Wayne v. State*, 601 N.W.2d 440, 441 (Minn. 1999) (holding that claims which could have been raised in previous postconviction petitions were barred under the *Knaffla* rule despite the petitioner having never filed a direct appeal).

Appellant argues: (1) that the district court misapplied the sentencing guidelines in imposing both a consecutive sentence and an upward-durational departure; and (2) that the district court abused its discretion by giving appellant an upward-durational departure using improper and inadequate factors. This court previously discussed the sentencing court's application of the sentencing guidelines to this case and whether the district court abused its discretion in appellant's 2007 appeal for correction of sentence. *Wilson v. State*, No. A06-1675 (Minn. App. Aug. 22, 2007) (order op.), *review denied* (Minn. Nov. 13, 2007).

The court found:

> The sentences imposed were authorized by the sentencing guidelines as permissive consecutive sentences involving multiple victims, and the 102-month upward departure for aggravating factors placed on the record, as well as the 402-month aggregate total sentence, [were] well within the statutory maximum of 40 years for each second-degree murder count. Wilson's sentences were legal.

*Id.* (citation omitted).

Thus, having already received review on these issues by a postconviction court, appellant is barred from raising all matters previously raised. As all matters raised in appellant's current petition were considered and decided in 2007, appellant's claims were properly barred under the *Knaffla* rule.

**Affirmed.**