*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0974**

Frank Anthony Mendoza, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 30, 2015
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-CR-98-064741

Frank Anthony Mendoza, Stillwater, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

Appellant challenges the district court's denial of his motion to correct sentence. He argues that (1) the district court erroneously construed his motion as a postconviction petition for relief and (2) the sentence imposed is manifestly unjust and disproportionate

to his conduct.  Because we conclude that the district court correctly construed appellant's motion as a petition for postconviction relief and that the petition is time-barred and *Knaffla*-barred, we affirm.

**FACTS**

A jury found appellant Frank Anthony Mendoza guilty of two counts of aiding and abetting second-degree murder, involving two separate victims, in February 1999. Shortly thereafter, appellant pleaded guilty to one count of second-degree assault for an offense against a third victim on the same day.  The district court sentenced appellant to consecutive terms of imprisonment totaling 825 months: 480 months for the first count of aiding and abetting second-degree murder; 306 months for the second count of aiding and abetting second-degree murder; and 39 months for the assault offense.  The 480-month sentence imposed for the first count of second-degree murder represented an upward departure from the presumptive 306-month sentence.  In imposing the upward departure, the district court found that the following aggravating circumstances existed: (1) appellant acted with particular cruelty to the victim; (2) he acted as a participant among three or more persons in committing the crime; (3) he exploited the vulnerability of the victim; and (4) he had a past conviction for a crime involving injury to a victim. We affirmed appellant's conviction and sentence on direct appeal.  *State v. Mendoza*, No. C2-99-1020, 2000 WL 310241 (Minn. App. Mar. 28, 2000), *review denied* (Minn. May 23, 2000).

Appellant subsequently filed two petitions for postconviction relief, both of which were denied.  In December 2013, appellant filed a "Motion for Correction or Reduction

2

of Sentence Pursuant to Minn. R. Crim. P. 27. 03, subd. 9." The district court denied appellant's motion, concluding that the motion should be characterized as a petiton for postconviction relief and that the petition was both time-barred and *Knaffla*-barred. This appeal follows.

## DECISION

Appellant argues that the district court erroneously concluded that his motion should be construed as a postconviction petition for relief. We review a district court's decision to deny a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). We will not reverse findings of fact unless they are clearly erroneous, but we review legal issues de novo. *Id.* "The interpretation of a procedural rule is subject to de novo review." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).

Appellant contends that his motion is based on Minn. R. Crim. P. 27.03, subd. 9, which provides that "[t]he court may at any time correct a sentence not authorized by law." The procedural rules and limitations of the postconviction act, including the two-year statutory time bar, do not apply to motions that are properly filed under this subdivision. *Vazquez v. State*, 822 N.W.2d 313, 318 (Minn. App. 2012). But a person "may not avoid the requirements of the postconviction act by simply labeling a challenge as a motion to correct [his] sentence under rule 27.03, subdivision 9." *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014). A motion to correct sentence is properly filed under rule 27.03 only when the offender asserts that the sentence is contrary to an applicable statute or other applicable law. *Id*. at 214. If a defendant wishes to challenge

3

his sentence for any other reason, the defendant must do so under the postconviction statute. *Id.*

Therefore, we must first consider whether appellant's claim that his sentence is manifestly unjust and disproportionate to his conduct is properly brought under Minn. R. Crim. P. 27.03, subd. 9. A review of the record demonstrates that appellant's sentences are plainly authorized by law. Minnesota Statutes section 609.19, subdivision 1 (1996), authorizes a district court to sentence a person convicted of second-degree murder to 40 years of imprisonment, and the sentencing guidelines permit consecutive sentencing where, as here, a person is convicted of multiple felonies involving more than one victim. Minn. Sent. Guidelines II.F (1998). We also concluded that appellant's sentence was legal in his previous appeal. *Mendoza*, 2000 WL 310241, at *3. As a result, appellant's contention that his sentences are manifestly unjust and disproportionate to his conduct constitutes a challenge to the district court's discretion to select between "two or more sentences that are authorized by law." *Washington*, 845 N.W.2d at 213. We have previously concluded that those challenges may not be brought in a motion to correct sentence under Minn. R. Crimn. P. 27.03, subd. 9.[1] *Id.* Thus, the district court correctly construed appellant's motion as a petition for postconviction relief. *See Johnson*, 801 N.W.2d at 176 (stating that when a petitioner files a claim under rule 27.03,

---

[1] Appellant raised other arguments to the district court, including whether his sentence complied with the rules announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and whether there was sufficient evidence to support the upward departure. Because appellant did not make these arguments to this court, we do not address them.

subdivision 9, that should have been brought under chapter 590, the appellate court must analyze the claim as though it were a postconviction petition for relief).

A party may bring a postconviction petition for relief when (1) direct appellate relief is no longer available, (2) the petitioner argues that his conviction violated his rights, and (3) the claim is timely. Minn. Stat. § 590.01, subds. 1(1), 4 (2014). If a direct appeal is filed, the postconviction claim is timely when it is filed no more than two years after an appellate court's disposition of that appeal. Minn. Stat. § 590.01, subd. 4(a)(2). If the petitioner's conviction became final prior to August 1, 2005, then the petitioner has two years from that date to file a petition for postconviction relief. *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010). Appellant directly challenged his 1999 conviction and sentence in this court, and we affirmed. *Mendoza*, 2000 WL 310241, at *4. The Minnesota Supreme Court denied review, and the United States Supreme Court denied his petition for writ of certiorari in October 2004. *Mendoza v. Minnesota*, 543 U.S. 859, 859, 125 S. Ct. 223, 224 (2004). Because his conviction became final prior to August 1, 2005, appellant was required to file any postconviction petition by August 1, 2007. His latest postconviction petition was filed well beyond this date, in December 2013. Appellant's petition was therefore untimely.

The district court may still consider the merits of an untimely postconviction petition if one of five statutory exceptions applies. Minn. Stat. § 590.01, subd. 4(b). The petitioner bears the burden to demonstrate that his petition meets one of those exceptions. *State v. Rainer*, 502 N.W.2d 784, 787 (Minn. 1993). But appellant does not argue on

5

review that any of these exceptions apply to his case. We therefore conclude that his petition is time-barred.

We also conclude that appellant's petition is *Knaffla*-barred. The *Knaffla* rule provides that claims that were raised, or known and could have been raised on direct appeal, may not be brought in a subsequent petition for postconviction relief unless the claims are novel or the interests of fairness and justice warrant relief. *Anderson v. State*, 811 N.W.2d 632, 634 (Minn. 2012) (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). Appellant has previously challenged his sentence on direct appeal, arguing that the sentence imposed unfairly exaggerated the criminality of his conduct and constituted an impermissible upward departure. Thus, appellant is barred from challenging the proportionality of his sentence in a subsequent petition for postconviction relief. *Id.* He does not demonstrate that either exception to the *Knaffla* bar applies. Because appellant's petition is both time-barred and *Knaffla*-barred, we conclude that the district court did not err in denying appellant's petition for postconviction relief.[2]

Finally, we note that appellant's claim that his sentence is manifestly unjust and disproportionate is based in part on his assertion that Minn. Sent. Guidelines II.G.01 (1998) applies to his sentence. Under that guidelines provision and the corresponding

---

[2] Even if we concluded that appellant's motion fell within the scope of rule 27.03, his challenge would be barred by the doctrine of the law of the case. That doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) (quotations omitted). Appellant's motion is barred by the doctrine of the law of the case because we addressed appellant's claim that his sentence exaggerated the criminality of his conduct on direct appeal. *Mendoza*, 2000 WL 310241, at *3.

6

statutory authority, the maximum sentence that the district court may impose for an attempted offense or conspiracy to commit an offense is one-half of the sentence for the completed offense. Minn. Sent. Guidelines II.G.01 (1998); Minn. Stat. §§ 609.17, subd. 4, .175, subd. 2(3) (1996). But this provision does not apply to appellant because he was convicted of aiding and abetting second-degree murder, and the aiding-and-abetting statute extends the same degree of criminal liability to those participants who are convicted of a completed substantive offense. *See State v. Swanson*, 707 N.W.2d 645, 658–59 (Minn. 2006). We therefore reject appellant's claim that his sentence is inconsistent with the preceding authority and affirm the district court's decision to deny his postconviction petition for relief.

**Affirmed.**