*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1680**

Rodney Thundercloud, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 13, 2015
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CR-93-003831

Rodney Thundercloud, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and Larkin, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant pleaded guilty to second-degree criminal sexual conduct, and the district court sentenced him to 240 months' imprisonment under the patterned sex-offender

statute. Seven years later, the district court amended appellant's sentence and imposed a ten-year conditional-release term to follow his period of incarceration. Appellant challenges the postconviction court's decision to deny him an evidentiary hearing to develop his claim that this term was not authorized by law. Because the district court was authorized to subsequently impose the mandatory conditional-release term, we affirm.

## FACTS

In 1993, appellant Rodney Thundercloud admitted to removing the pants of a five-year-old girl and penetrating her vagina with his fingers. The state charged Thundercloud with first- and second-degree criminal sexual conduct for this act. The prosecutor agreed to dismiss the first-degree charge if Thundercloud pleaded guilty to the second-degree charge because the plea would trigger an enhanced sentence under the patterned sex-offender statute since Thundercloud had two prior convictions for second-degree criminal sexual conduct. Thundercloud agreed and pleaded guilty to second-degree criminal sexual conduct. The district court sentenced him to 240 months' imprisonment under the patterned sex-offender statute. The district court did not impose any period of conditional release to follow his period of incarceration.

Seven years later, the Minnesota Department of Corrections asked the district court if Thundercloud was subject to a ten-year conditional release since he was sentenced under the patterned sex-offender statute. Three different district court judges issued three separate but virtually identical orders, imposing a ten-year conditional-release term.

2

The state then civilly committed Thundercloud while he continued to serve his sentence. After he completed the imprisonment portion of his sentence, but while he was still civilly committed, the department of corrections sent Thundercloud a letter stating that he would remain under conditional release until March 2021.

In February 2014, Thundercloud petitioned for postconviction relief requesting that the postconviction court vacate the conditional release. Thundercloud argued that the conditional-release term was not authorized by law and that the manner in which it was imposed violated his due-process rights. The state argued that Thundercloud's claims were untimely under the postconviction statute. The postconviction court denied the petition on the merits, concluding that the district court had the authority to impose the ten-year conditional-release term without violating Thundercloud's due-process rights because the term was mandatory and imposed prior to the expiration of his sentence. Thundercloud appeals.

## D E C I S I O N

Thundercloud argues that the "additional" ten-year conditional-release term was not authorized by law, and even if it was authorized, it was imposed in a manner violating his due-process rights. Because these arguments invoke different procedural requirements, we analyze them separately.

Thundercloud argues that his claims are timely under rule 27 of the Minnesota Rules of Criminal Procedure, which states, "The court may at any time correct a sentence not authorized by law. The court may modify a sentence during a stay of execution or imposition of sentence if the court does not increase the period of confinement." Minn.

3

R. Crim. P. 27.03, subd. 9. The express text of the rule permits the district court to correct unauthorized sentences on its own motion, and we have not prevented petitioners from filing motions under this rule. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014).

We have previously determined that the time limits found in Minn. Stat. §§ 590.01-.11 (2014) do not apply to postconviction challenges that invoke rule 27 as the petitioner's basis for relief. *Vazquez v. State*, 822 N.W.2d 313, 318 (Minn. App. 2012). Challenges properly rely on rule 27 if the petitioner contends that his sentence was not authorized by law, "in the sense that the sentence is contrary to an applicable statute or other applicable law." *Washington*, 845 N.W.2d at 213. These cases consist of a narrow class of sentencing challenges. *Id.* A petitioner challenging his sentence for any other reason is subject to the postconviction statute's timeliness requirements. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).

Thundercloud argues that his sentence was "unauthorized by law" because he was sentenced to more than the statutory maximum for his crime. He believes that the department of corrections' March 2013 letter imposed an "additional" term of conditional release that, combined with his 240-month sentence, exceeds the statutory maximum sentence of 300 months. *See* Minn. Stat. § 609.343, subd. 2 (1992) (stating that the maximum sentence for criminal sexual conduct in the second degree is 25 years). Thundercloud is mistaken. That letter did not impose a new term; it informed him of the consequences of the district court's decision to impose a ten-year period of conditional release in 2000. Thundercloud must serve this term.

4

The district court sentenced Thundercloud under the patterned sex-offender statute in effect in 1993.[1]  Individuals sentenced under that statute had to be sentenced to a term of imprisonment at least twice the presumptive sentence but not more than the statutory maximum.  Minn. Stat. § 609.1352, subd. 1.  The statute further provided:

> At the time of sentencing under subdivision 1, the court shall provide that after the offender has completed the sentence imposed, less any good time earned by an offender whose crime was committed before August 1, 1993, the commissioner of corrections shall place the offender on conditional release for the remainder of the statutory maximum period or for ten years, whichever is longer.

*Id.*, subd. 5.  The district court imposed a 240-month sentence, which was more than twice the presumptive sentence of 88 months and less than the maximum sentence of 300 months.  This portion of Thundercloud's sentence was authorized by law.

The district court should also have sentenced Thundercloud to a ten-year term of conditional release because his sentence was issued under subdivision 1 and was 60 months shorter than the statutory maximum.  The district court did not include this mandatory term, making this aspect of his sentence unauthorized by law.  *See State v. Humes*, 581 N.W.2d 317, 319-20 (Minn. 1998) (holding that the conditional-release term imposed under Minn. Stat. § 609.346, subd. 5 (1996) was mandatory and any sentences lacking this term are unauthorized by law and under the control of rule 27).

---

[1]  Minn. Stat. § 609.1352 (1992) governed Thundercloud's sentence.  The legislature repealed section 609.1352 in 1998.  1998 Minn. Laws ch. 367, art. 6, § 16, at 735.

In 2000, the district court exercised its authority under rule 27 to correct this unauthorized portion of Thundercloud's sentence by imposing the mandatory conditional-release term.[2] Thundercloud is subject to the conditional-release period.

Thundercloud also makes a series of arguments challenging the nature in which the conditional-release term was imposed. None of these arguments point to the violation of "an applicable statute or other applicable law," *Washington*, 845 N.W.2d at 213, but instead allege constitutional violations. We will analyze these claims under the postconviction statute. *See Johnson*, 801 N.W.2d at 176.

A claim arises under the postconviction statute if direct appellate relief is no longer available, the petitioner argues that his conviction violated his rights, and the claim is timely. Minn. Stat. § 590.01, subds. 1, 4. To be timely, a petition must be filed within two years of sentencing when no direct appeal is taken. *Id.*, subd. 4(a)(1). A 2005 legislative amendment to the postconviction statute implemented this two-year time limit and stated that any petitioner whose conviction became final prior to August 1, 2005, had

---

[2] The three different district court orders that imposed the ten-year conditional-release term did not state that the orders were issued under rule 27, but instead cited Minn. Stat. § 609.109 without reference to a year. The legislature created section 609.109 in 1998 under the same session law that repealed section 609.1352, the statute Thundercloud was convicted under. *See* 1998 Minn. Laws ch. 367, art. 6, §§ 6, 16, at 729, 735. The year 2000 version of section 690.109 is similar, but not identical, to the year 1992 version of section 609.1352. Had Thundercloud been sentenced under section 609.109 in 2000, he still would have received a mandatory ten-year conditional-release term because of his prior convictions. *See* Minn. Stat. § 609.109, subd. 7 (2000) (requiring conditional-release terms for repeat sex offenders). But this statute could not provide the district court with the authority to impose the conditional-release term because Thundercloud was not sentenced under that statute. The district court's authority came from rule 27, which empowers the district court to impose a mandatory conditional-release term at any time prior to the expiration of an offender's sentence. *See Humes*, 581 N.W.2d at 319-20.

two years from that date to file a petition for postconviction relief. 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097-98.

Thundercloud's conviction became final in 1994. He therefore had to file his postconviction petition by August 1, 2007. But Thundercloud's petition was filed in 2014, well after the August 1, 2007 deadline. Untimely petitions may still be considered if the petitioner demonstrates one of five statutory exceptions, but Thundercloud did not make any argument for one of these exceptions. Minn. Stat. § 590.01, subd. 4(b). His petition is therefore untimely, and we will not consider his remaining arguments.

**Affirmed.**