*483 PAGE, Justice
(dissenting).
“Curiouser and curiouser!” Lewis Carroll, Alice’s Adventures in Wonderland (1865), reprinted in The Annotated Alice 35 (Martin Gardner ed., Bramhall House 1960). The result reached by the court and the reasoning behind that result are flawed in a way that brings to mind Alice’s exclamation. The court holds that Coles’ motion to correct his sentence “is properly viewed as a petition for postconviction relief under Minn.Stat. § 590.01, not as a motion to correct a sentence under Rule 27.03.” This holding rests on the court’s unsupported conclusion that the “challenge to his sentence implicates”[1] his conviction. Even though it is clear from Coles’ motion that he is not challenging his conviction, the court arrives at its conclusion by ignoring the fact that a mere change in Coles’ sentence does not of necessity require the sentencing court to take any action with respect to Coles’ conviction. With apologies to Alice, “Oh dear, what nonsense [the court is] talking!” Carroll, supra at 36.
Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides that a “court may at any time correct a sentence not authorized by law” (emphasis added), provided that the court “does not increase the period of confinement.” Under the plain language of Rule 27.03, a defendant may not challenge his conviction, and Coles has not sought to do so in this case. Johnson v. State, 801 N.W.2d 173, 176 (Minn.2011). While it is true that if Coles’ sentence is corrected the State may choose to seek withdrawal from the plea agreement, the State’s act of seeking to withdraw, if taken, does not flow either directly or necessarily from the correction of Coles’ sentence. Indeed, the correction of Coles’ sentence by itself will not alter his conviction. If his sentence is corrected, Coles would still stand convicted of second-degree criminal sexual conduct and first-degree aggravated robbery. It is only an independent act by the State seeking withdrawal from the plea agreement that could possibly implicate Coles’ conviction. In this case, whether the State would seek to withdraw from the plea agreement is purely speculative. Interestingly, even if the State were to move to withdraw from the plea agreement, which at this point it has not, Coles’ conviction would not be affected unless and until the district court, in exercising its discretion, granted the State such relief. See State v. Lewis, 656 N.W.2d 535, 539 (Minn.2003) (“[W]here the district court finds no compelling or substantial circumstances supporting an upward departure in the sentence that was agreed upon in a plea agreement, it may consider motions to vacate the conviction and the plea agreement.” (emphasis added)); see also id. (‘We agree ... that the district court should be free to consider the effect that changes in the sentence have on the entire plea agreement.” (emphasis added)).
While the court relies on Johnson, 801 N.W.2d 173, this is a very different case from Johnson. In Johnson, we held that the defendant’s Rule 27.03 motion should have been brought as a petition for post-conviction relief under Minn.Stat. § 590.01 (2014), because the motion challenged his conviction. 801 N.W.2d at 176. Unlike here, the defendant in Johnson not only sought a corrected sentence, but also directly challenged the validity of his guilty plea, and thus his conviction. Id. at 175. Because the district court granted the defendant’s request for a corrected sentence, the only issues on appeal in Johnson related to Johnson’s challenge to his conviction. *484 Id. As noted earlier, here Coles only seeks correction of his sentence and no issues related to his conviction are properly before us. On that basis, I conclude that Coles’ motion does not implicate his conviction and was properly brought under Rule 27.03.
The court’s reasoning to the contrary rests on two faulty assumptions. First, the court assumes that in every case the State will necessarily lose the benefits of its bargained-for plea agreement if a defendant is permitted to bring a motion to correct his or her sentence under Rule 27.03, and second, that even if the State loses some of the benefits of its bargain it will, in every case, reflexively seek to withdraw from the plea agreement. In this case, the court asserts that “the parties made it clear that in this particular plea agreement, the sentence with an upward departure was a crucial term.” The court also asserts that the State “would lose the benefit of almost 3 years of his [conditional] release term” if Coles’ sentence was corrected. While the court’s assertions may be accurate, the facts of this case should not dictate the outcome of all cases.
In analyzing the facts of this case, the court ignores three crucial points.[2] First, because Coles’ sentence is not authorized by law, the State, on the record before us, was not entitled when it entered into the plea agreement, and is not entitled now, to the benefit of the upward sentencing departure. A sentence that is unauthorized by law is an illegal sentence. Therefore, it is difficult to understand how the State could actually “lose” a benefit if Coles’ sentence is corrected to comply with the requirements of the sentencing guidelines. It is also worth noting that, if Coles’ sentence is unauthorized by law, the State would not “lose” anything here that would not be lost as a result of a timely petition for postconviction relief under Minn.Stat. § 590.01, subd. 1. If Coles’ sentence had been corrected pursuant to a timely post-conviction petition, the State would have received much less benefit from its bargain than it actually has received given that Coles has served all of the prison time required by the plea agreement and a significant portion of the supervised and conditional release periods. Even if his sentence is corrected, Coles’ time served cannot be reduced.
Second, given the facts of this case, the court ignores the substantial benefits that the State has already received from this illegal sentence, which will not be lost to the State if Coles’ sentence is corrected. Regardless of whether Coles’ sentence is corrected, the State will retain the vast majority of the sentence-related benefits it received from the plea agreement. In addition to the prison sentence, supervised release, and conditional release time already served, the State has benefited from not having to prove Coles’ guilt beyond a reasonable doubt and not having to face an uncertain outcome at trial. Additionally, correction of Coles’ sentence will not change Coles’ criminal history score going forward or the fact that Coles has a felony conviction.[3]
Finally, the court ignores the fact that there is no guarantee that the State will in *485 fact lose any sentence-related benefit if Coles’ illegal sentence is allowed to be corrected under Rule 27.08. A corrected sentence will not always mean a reduced sentence. For example, on remand, in the context of Coles’ plea agreement, there is nothing to preclude the district court from allowing the State to make the case that there are other substantial and compelling circumstances justifying an upward departure. If the State successfully made that case, Coles’ sentence would not need to be reduced.
It is true that the State might seek to have Coles’ conviction vacated for the reasons articulated by the court if Coles’ sentence was in fact reduced. But it is also true that there are any number of reasons why the State enters into plea agreements and why the State, in this case and in general, might rationally choose not to seek to vacate a plea agreement even if the defendant’s sentence is reduced. The court, however, creates a rule that presumes that in every case involving a plea bargain the State will seek to and be entitled to withdraw from the plea agreement. That blanket rule disregards the various considerations that the State would take into account in deciding whether to seek withdrawal. We should not be making decisions based on speculation as to how the parties may proceed on remand or how the district court will rule. Because the State’s decision to withdraw from a plea agreement is in fact an independent act that does not flow either directly or necessarily from permitting a defendant to challenge his or her illegal sentence under Rule 27.03,[4] it is improper for our court to decide in advance in all cases for all time that every challenge to an illegal sentence affects the underlying conviction.
Because an unlawful sentence may, under Rule 27.03, be corrected at any time, Coles’ motion to correct his sentence is not time barred. The only question remaining is whether Coles is entitled to have his sentence corrected because it is illegal. The answer to that question is yes.
The sentence ranges set forth in the Minnesota Sentencing Guidelines “are presumed to be appropriate” and a departure from the presumptive sentence must be supported by “substantial and compelling circumstances.” Minn. Sent. Guidelines II.D (2003). As a general rule, the maximum upward durational departure that can be justified by aggravating circumstances is double the presumptive sentence. State v. Evans, 311 N.W.2d 481, 483 (Minn.1981). Only in the “extremely rare” cases that present “severe aggravating circumstances” may the sentencing court impose a greater-than-double upward departure from the presumptive sentence. State v. Spain, 590 N.W.2d 85, 89 (Minn.1999); State v. Mortland, 399 N.W.2d 92, 94 & n. 1 (Minn.1987).
In this case, Coles’ sentence of commitment to the Commissioner of Corrections for 48 months for second-degree criminal sexual conduct, Minn.Stat. § 609.343, subd. 1(a) (2014), is a greater-than-double upward durational departure from the presumptive stayed sentence of 21 months. The record clearly indicates that the reasons relied upon by the district court to justify this departure — namely, the agreement between the parties and the age difference between Coles and the victim— are improper. See State v. Misquadace, *486 644 N.W.2d 65, 72 (Minn.2002) (holding that a district court may not rely on the plea agreement alone as a basis for an upward departure); State v. Peterson, 329 N.W.2d 58, 60 (Minn.1983) (concluding that facts “considered by the legislature in determining the severity of the offense” are improper grounds for departure); see also Minn.Stat. § 609.343, subd. 1(a) (specifying that a person is guilty of criminal sexual conduct in the second degree if “the complainant is under 13 years of age and the actor is more than 36 months older than the complainant”). The State contends that other information in the record supports the upward departure, specifically the fact that the 9-year-old witnessed the criminal sexual conduct and Coles attempted to bribe her to remain quiet. Although the commission of an offense in the presence of a child can provide a valid basis for an upward departure, State v. Profit, 323 N.W.2d 34, 36 (Minn.1982), the district court made no finding that the presence of the 9-year-old witness in this case made Coles’ conduct sufficiently more severe than the typical second-degree criminal sexual conduct case to justify a greater-than-double durational departure. Such a finding is more appropriately made by the district court than our court. Therefore, I would remand to the district court for resentencing.
Because Coles’ sentence is a durational departure that is based on improper reasons, it is a sentence unauthorized by law that must be corrected under Minn. R.Crim. P. 27.03, subd. 9. Cf. State v. Maurstad, 733 N.W.2d 141, 147 (Minn.2007) (holding that a sentence based on an incorrect criminal history score is an illegal sentence that is correctable “at any time” under Minn. R.Crim. P. 27.03, subd. 9); Misquadace, 644 N.W.2d at 72 (holding that “all departures from the Minnesota Sentencing Guidelines must be supported by substantial and compelling circumstances”). Under the court’s decision, however, for the first time in our court’s history, we hold that there is in effect no remedy for the imposition of an illegal sentence. This result cannot stand. It contradicts our authority to correct an illegal sentence “at any time” under Rule 27.03, subdivision 9, runs counter to the Legislature’s “stated public policy of achieving uniformity in sentencing” by way of the sentencing guidelines, Maurstad, 733 N.W.2d at 146, and is inconsistent with our obligation to do justice.
Further, this result does little to discourage the State, which has the power to structure a plea agreement how it wishes, from bargaining for plea agreements that impose sentences not authorized by law.[5] Interestingly, had Coles been convicted after trial and given an illegal sentence, his sentence would be correctable under Rule 27.03 at any time without regard to his conviction. But, under today’s ruling, because Coles entered into a plea agreement, the same illegal sentence cannot be challenged under Rule 27.03 and cannot and will not be corrected. Such a result, and the reasoning behind that result, is not supported by logic, the text of the rule, our precedent, or, as noted above, our obligation to do justice.
For these reasons, I respectfully dissent.

. Implicate means “[t]o be involved or affected.” Black’s Law Dictionary 770 (8th ed.2004).

. While I go into the facts of this case to demonstrate that the court’s statements are unsupported, by no means do I suggest that these facts change the plain meaning of Minn. R,Crim. P. 27.03, subd. 9 — that an illegal sentence may be corrected "at any time."

. Nor would a determination that Coles’ sentence was illegal entitle him to compensation from the State. See Minn.Stat. § 611.362, subd. 1 (2014) (explaining that a person must receive “an order under section 590.11 determining that the person is entitled to compensation based on exoneration ” (emphasis added)).

. I acknowledge that the State may have difficulty in reconvicting a defendant if the defendant's sentence is corrected many years later under Rule 27.03 and the State would otherwise desire to withdraw from the plea agreement. The answer is not, however, to ignore the text of the rule, which permits courts to correct an illegal sentence “at any time,” Minn. R.Crim. P. 27.03, subd. 9, but instead to formally change the rule.

. It should also be noted that the sentencing court has some culpability here in that it accepted Coles’ plea and imposed the agreed-upon sentence, which as imposed was clearly unauthorized by law. There needs to be incentive for not only the State but also trial courts to take care that sentences unauthorized by law are not imposed on defendants who enter into plea agreements. That the defendant agrees to and benefits from such a sentence is of no moment.